BARBARA HAMAN et al., Respondents, v. HUMBLE OIL & REFINING CO., Defendant-Appellant and Third-Party Plaintiff-Appellant. SCARSDALE LANDSCAPING, INC., Third-Party Defendant-Respondent.— Order; Supreme Court, Bronx County, entered on October 27, 1972, after a jury trial, directing judgment upon a jury verdict in favor of plaintiffs against the defendant, Humble Oil & Refining Co., and on the third-party complaint of Humble Oil against the third-party defendant, Scarsdale Landscaping, Inc., judgment upon a jury verdict having been directed in favor of Scarsdale against Humble, reversed, on the law, without costs and without disbursements, to the extent of directing judgment in favor of Humble dismissing the complaint. The stay granted by order of this court entered on November 14, 1972 is hereby vacated. In this personal injuries action for negligence, based on a " snow and ice" theory, the plaintiff was awarded a jury verdict against the defendant Humble Oil & Refining Co. and the jury also found in favor of the defendant, Scarsdale Landscaping, Inc., on the third-party complaint, of Humble. The Trial Judge denied a posttrial motion that Humble recover over as against Scarsdale. But, on the uncontradicted facts, Humble had entered into a contract with Scarsdale for the removal of snow and for the salting and sanding of an area that was to be used by its employees as a parking lot, which was the scene of the accident. And by its terms, Scarsdale assumed the duty of maintaining and keeping the premises free of snow and ice, and also to hold Humble harmless for any damages. The evidence shows that snow fell on December 26, 1969, and that Scarsdale performed its functions on December 27, 28, and also on December 29, the day of the accident. There is no proof of notice, actual or constructive, as to the defendant, Humble, and no proof at all that Humble had anything to do with creating the condition complained of by the plaintiff. (*Neilson* v. *Amodeo*, 26 A D 2d 840, affd. 19 N Y 2d 957; *Hoffman* v. *Bachrach*, 20 A D 2d 790; see, also, 5 Warren, Negligence, § 5.77, pp. 596–597; *Silva* v. *American Irving Sav. Bank*, 31 A D 2d 620, affd. 26 N Y 2d 727.) Accordingly, since Humble neither had notice or was the cause of the condition, nor did it undertake to do anything in an improper manner, it cannot be responsible, and the complaint as to it must be dismissed. (*Golub* v. *City of New York*, 201 Misc. 866, affd. 282 App. Div. 666.) Further, since the jury found in favor of Scarsdale, it follows that its contractual obligations were found to have been factually discharged. In law and in logic, therefore, the ruling of the Trial Judge must be reversed, and the complaint dismissed. Concur — McGivern, J. P., Markewich, Kupferman and Murphy, JJ.; Nunez, J., dissents in the following memorandum: I would modify the order appealed from only to the extent of directing a verdict over as against defendant Scarsdale upon Humble's third-party complaint, and otherwise affirm. Scarsdale, under a written contract with Humble, assumed the duty of maintaining and keeping the parking area where the accident occurred free of snow and ice. The contract also provided that Scarsdale would hold Humble harmless and agreed to indemnify it for any damages it might sustain by reason of any claim made against Humble for injuries or death occasioned by or in connection with any work performed by Scarsdale. Humble is therefore entitled to judgment over against Scarsdale. (*Levine*

v. *Shell Oil Co.*, 28 N Y 2d 205; *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112.) Although Scarsdale was charged with the task of cleaning the snow by plowing the area and salting and sanding, Humble supervised the work. Mr. Douglas, Humble's building maintenance supervisor, so testified. Snow had fallen on Friday, December 26, 1969 and into the early hours of Saturday. The premises were plowed, salted and sanded several times on Saturday, Sunday and early on Monday morning, shortly before the accident. Barbara sustained serious injuries when she slipped on snow and ice covered by the snow. Plaintiff had been parking her car in Humble's parking lot for about two years at the time of the accident. The Trial Justice properly charged that Humble was under a duty to use reasonable care to see that said parking lot, including the area where plaintiff fell, was in a reasonably safe condition and if there was a hazardous condition, to remedy the same after notice, either actual or constructive. The jury, upon a proper charge, found by its verdict in plaintiffs' favor, that (1) the place where plaintiff fell was in a hazardous or dangerous condition and (2) Humble had notice thereof. The proof provides ample support for constructive notice. Indeed, the jury would have found that the dangerous condition was created by defendant through its agent Scarsdale. The trial court denied defendant's motion to set the verdict aside. The record more than justifies both the verdict and the Trial Justice's ruling.